UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FRANKLIN RIVENBARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02275-JMS-TAB |
| | ) | |
| WARDEN New Castle Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Franklin Rivenbark for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCN 18-04-0063. For the reasons explained in this Entry, Mr. Rivenbark's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On April 12, 2018, Officer D. Cyborski wrote a conduct report that charged Mr. Rivenbark with class B offense 226, tampering with a lock. The conduct report states:

> On the above stated date and approximate time, I, Officer D. Cyborski, was in the process of securing cell doors of the upper tier of Pod 1. While I was asking if the pod was secure, I was informed that cell 116 was not secure. Upon opening the cell door I found a pill bottle cap attached to a string held by Offender Rivenbark (DOC 162082). Once the bottle cap was removed the cell door secured properly. Offender Rivenbark has been informed of this conduct report.

Dkt. 6, p. 10. Class B offense 226 is defined as "[t]ampering with, altering or blocking any locking device or mechanism or possession of any device that may be used to pick locks." Dkt. 6, p. 18.

On April 20, 2018, Mr. Rivenbark was notified of the charge when he was served with the conduct and screening reports. Mr. Rivenbark was notified of his rights and pleaded not guilty Dkt. 6, p. 12. He did not request a lay advocate or any physical evidence. Mr. Rivenbark wished to call another inmate, James Griffith, as a witness to say that Mr. Griffith "put the cap in there." *Id*.

Mr. Griffith provided a statement that said the following:

> On 4/12 I was joking with my old celly (Shane Wiley) and I stuck a cap between the door and the door jam so it would pop out at him when it opened. It got stuck and the c/o saw it and wrote him up for putting it in there when I was the one who put it in there.

Dkt. 6, p. 13.

The hearing officer conducted a disciplinary hearing in NCN 18-04-0063 on April 25, 2018. Mr. Rivenbark's comment was "my bunky and I were in our cell and c/o found item in lock. I don't know when he put it in the lock. I have a witness statement that someone else takes ownership of the conduct" Dkt. 6, p. 14. The hearing officer found Mr. Rivenbark guilty of the

offense. Mr. Rivenbark's sanctions included a 30-day deprivation of earned credit time and a demotion from Credit Class A to Credit Class B. *Id*.

Mr. Rivenbark appealed to the Facility Head and the Indiana Department of Correction Final Reviewing Authority. Both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has filed a return to the order to show cause. The petitioner has not filed a reply and the time to do so has passed. The matter is now ripe for review.

### C. Analysis

Mr. Rivenbark raises three grounds for relief in in his petition: 1) his due process rights were violated "due to a non-factual finding(s) of some evidence," 2) another inmate accepted responsibility for the incident, and 3) his cellmate was not written up for the incident.

Mr. Rivenbark's first two grounds for relief are both essentially challenges to the sufficiency of the evidence against him. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, the conduct report provides some evidence that Mr. Rivenbark tampered with the lock. The report states that he was holding a string connected to the bottle cap blocking the lock when the correctional officer opened the cell door. The hearing officer reviewed the statement from Mr. Griffith claiming responsibility for the obstruction, but it was within the hearing officer's discretion to determine which witness or witnesses he found more credible given the conflicting accounts. Furthermore, it is possible that more than one inmate was responsible for the incident. Therefore, the fact that Mr. Griffith took responsibility for it does not necessarily exonerate Mr. Rivenbark. Mr. Rivenbark is not entitled to relief on this ground.

As for his claim that his cellmate did not receive a conduct report for the incident, relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Mr. Rivenbark asserts that the facility rule book says that if neither cell mate takes responsibility for breaking a rule, then both cell mates will receive conduct reports. But prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S.

62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Mr. Rivenbark is not entitled to relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Rivenbark to the relief he seeks. Accordingly, Mr. Rivenbark's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/24/2018

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

FRANKLIN RIVENBARK
162082
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov